IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIO TURRENTINE, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:20-CR-00087-JPB-CCB-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-01289-JPB-CCB |

**FINAL REPORT AND RECOMMENDATION**

Movant Antonio Turrentine, confined at Federal Correctional Institution Oakdale in Oakdale, Louisiana, filed a letter construed by the Clerk as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. 80.)[1] This matter is before the Court for a preliminary review of the motion pursuant to Rule 4 of the Rules Governing Section 2255 Cases, which provides that summary dismissal is proper when the motion and the attached exhibits plainly reveal that relief is not warranted.

For the reasons stated below, it is **RECOMMENDED** that the instant motion to vacate (Doc. 80) be **DISMISSED without prejudice**.

---

[1] The same letter was also construed as a notice of appeal, (Doc. 81), and the appeal has been transmitted to the Eleventh Circuit Court of Appeals, (Doc. 83).

## I.    DISCUSSION

On July 31, 2020, Movant was convicted of three counts of importing or manufacturing firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), and 924(a)(1)(D), and two counts of unlawful transport of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and he was sentenced to a total of 120 months of imprisonment. (Doc. 67.) On March 30, 2021, Movant filed the letter noted above, which is construed as both a notice of appeal, (Doc. 81), and the instant motion to vacate, (Doc. 80.)

> In the absence of extraordinary circumstances, a district court does not have jurisdiction to consider or rule on a § 2255 motion during the pendency of a direct appeal of the underlying criminal conviction or sentence. The appropriate course of action for addressing a § 2255 motion filed during the pendency of the direct appeal is to dismiss the § 2255 action without prejudice.

*Blair v. United States*, 527 F. App'x 838, 839 (11th Cir. 2013) (citations omitted); *accord United States v. Casaran-Rivas*, 311 F. App'x 269, 272 (11th Cir. 2009) (holding that, "absent extraordinary circumstances, a defendant may not seek collateral relief while his direct appeal is pending, as the outcome of the direct appeal may negate the need for habeas relief").

Movant has a pending direct appeal at the Eleventh Circuit, and there is no indication that there are any extraordinary circumstances in this case warranting immediate consideration of the motion to vacate. As a result, this Court lacks jurisdiction over Movant's § 2255 motion, and the motion should therefore be

dismissed without prejudice. In the letter, Movant also seeks appointment of counsel, and the Court simply notes that Defendant's attorney who handled the case in this Court has also been appointed to represent him on appeal. (Doc. 87).

## II.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

It is **RECOMMENDED** that a certificate of appealability be **DENIED** because resolution of the issues presented—whether this Court has jurisdiction over the instant motion to vacate—is not debatable. If the District Judge adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### III.   CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that the instant motion to vacate (Doc. 80) be **DISMISSED without prejudice** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 5th day of April, 2021.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE

4