IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANTONIO TURRENTINE,<br>　　　Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>　　　Respondent. | CIVIL ACTION NO.<br>1:24-CV-232-JPB-CCB<br><br>CRIMINAL ACTION NO.<br>1:20-CR-87-1-JPB-CCB |

## FINAL REPORT AND RECOMMENDATION

On January 9, 2024, federal inmate Anthony Turrentine signed and mailed to this Court a motion to vacate, set aside or correct his sentence under 28 U.S.C § 2255. *See* [Doc. 141]. For the reasons stated below, Turrentine's motion is untimely and thus subject to summary dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts.

"A 1-year period of limitation shall apply" to § 2255 motions. 28 U.S.C. § 2255(f). As relevant here, "[t]he limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." *Id.*

Turrentine pleaded guilty to violating 18 U.S.C. §§ 922(a)(1)(A) (three counts) & 922(g)(1) (two counts) on March 12, 2020. *See* [Doc. 45-1]. This Court entered judgment on July 31, 2020. *See* [Doc. 67]. The United States Court of Appeals for the Eleventh Circuit affirmed Turrentine's convictions and sentences on March 14, 2022. *See* [Doc. 117]. And Turrentine's time to seek a writ of certiorari from the Supreme Court of the United States expired (unexercised) 90 days later, i.e., on Monday, June 13, 2022. *See* S. Ct. R. 13.1. On that date, judgment became "final" for the purposes of § 2255. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 525 (2003).

Turrentine argues that § 922 is unconstitutional and that, therefore, his convictions cannot stand. (Doc. 141).[1] He relies on a number of Supreme Court decisions, the latest of which in time is *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), which was decided on June 23, 2022.

Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

---

[1] It is not entirely clear whether he challenges only those convictions under § 922(g) or the convictions under that subsection as well as the ones under § 922(a)(1)(A). *See* [Doc. 141 at 7–8 (arguing that "§ 922" is unconstitutional)]. Either way, as explained below, the motion is untimely.

relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Here, Turrentine's § 2255 motion was signed, mailed, and "filed" on January 9, 2024, which was plainly (1) more than a year after judgment against Turrentine became final on June 13, 2022, and (2) more than a year after the *Bruen* case was decided on June 23, 2022 (*even assuming* that case was retroactively applicable, which issue the Court does not consider or address). Consequently, the motion is untimely under § 2255(f)(1) & (3); it plainly appears that Turrentine is not entitled to relief; and dismissal is mandated by Rule 4(b).

Accordingly, I **RECOMMEND** that Turrentine's § 2255 motion be **DISMISSED** pursuant to Rule 4(b), and I further **RECOMMEND** that Turrentine be denied a certificate of appealability because he does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."); 28 U.S.C. § 2253(c)(2).

I **DENY** Turrentine's request for the appointment of counsel as moot. *See* [Doc. 141 at 2].

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO REPORTED AND RECOMMENDED**, this 6th day of March, 2024.

_____
CHRISTOPHER C. BLY
UNITED STATES MAGISTRATE JUDGE